# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASTELLAS PHARMA INC.;                     )
ASTELLAS US LLC; ASTELLAS                  )
PHARMA US, INC.; BASILEA                   )
PHARMACEUTICA                             )
INTERNATIONAL LTD,                        )    C.A. No. 24-1333 (GBW)
ALLSCHWIL,                                )
                                          )
             Plaintiffs,          )
                                          )
       v.                       )
                                          )
CIPLA LIMITED; CIPLA USA, INC.;           )
HANGZHOU XUANMU                           )
PHARMACEUTICAL CO., LTD.;                 )
HANGZHOU MUYUAN                           )
BIOMEDICAL TECHNOLOGY CO.,                )
LTD.; ANNORA PHARMA                       )
PRIVATE LIMITED; ZENARA                   )
PHARMA PRIVATE LIMITED;                   )
BIOPHORE INDIA                            )
PHARMACEUTICALS PRIVATE                   )
LIMITED; BIOPHORE PHARMA,                 )
INC.,                                     )
                                          )
             Defendants.          )
                                          )

## PATENT SCHEDULING ORDER (ANDA)

This **18ᵗʰ** day of **September**, 2025, the Court having conducted an initial Rule

16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having

determined after discussion that the matter cannot be resolved at this juncture by

settlement, voluntary mediation, or binding arbitration;

1

ME1\57761208.v1

IT IS HEREBY ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

**The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Default Standard on August 1, 2025.** If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before May 1, 2026. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 3(g) and 4.

3.      Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

        a.      Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before May 22, 2026.

        b.      Document Production. Document production shall be substantially complete by March 23, 2026. **Defendants will coordinate to jointly**

2

serve requests for production on Plaintiffs on issues common to each Defendant group where possible.  However, Defendants are not required to jointly serve requests for production.

  c. <u>Requests for Admission.</u> **Plaintiffs may serve a maximum of twenty (20) common requests for admission, which shall be identical, on all the Defendants, to which each of the four Defendant groups will respond separately, including with respect to each Defendant group's own ANDA/generic product as applicable. Plaintiffs may also serve a maximum of twenty (20) additional requests for admission, which may be unique, on each of the four Defendant groups. Defendants, collectively, may serve a maximum of twenty (20) requests for admission on Plaintiffs, and in addition each of the four Defendant groups may serve a maximum of twenty (20) individual requests for admission on Plaintiffs. These limits on requests for admission do not apply to requests for admission regarding authenticity and/or admissibility of documents.**

  d. <u>Interrogatories.</u>

   i. **Plaintiffs may serve a maximum of 15 interrogatories (including contention interrogatories), which shall be identical, on all the Defendants, to which each of the Defendant groups will respond separately, including with respect to each Defendant group's own ANDA/generic product**

3

ME1\57761208.v1

as applicable. **Plaintiffs may also serve a maximum of 10 additional interrogatories which may be unique on each Defendant group. Defendants may collectively serve a maximum of 15 interrogatories on Plaintiffs (including contention interrogatories), and in addition, each of the four Defendant groups may serve a maximum of 10 individual interrogatories on Plaintiffs.**

ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

e.      <u>Depositions.</u>

i.      <u>Limitation on Hours for Deposition Discovery.</u> **Defendants, collectively, will have up to 70 hours to depose Plaintiffs' fact witnesses, not including depositions pursuant to Fed. R. Civ. P. 30(b)(6) unless a witness was also noticed in their individual capacity. Plaintiffs will have up to 70 hours to depose Defendants' fact witnesses (collectively for all Defendants), not including depositions pursuant to Fed. R. Civ. P. 30(b)(6) unless a witness**

4

was also noticed in their individual capacity. These limits on deposition hours do not apply to depositions of any non-party and/or third parties.

Each deposition is limited to a maximum of seven (7) hours of testimony on the record to be completed in one (1) day absent agreement of the parties or leave of the Court. At this time, the parties do not anticipate the need for any fact witnesses to be deposed more than once, or the need for any Defendant to depose any of Plaintiffs' fact witnesses without coordinating with the other Defendants. For depositions requiring an interpreter/translator, those depositions may be extended, but will not exceed, an additional three (3) hours, and the parties will use all reasonable efforts to limit the length of such extended depositions where possible.

At this time, the parties do not anticipate the need for any fact depositions to occur prior to the deadline for substantial completion of document production.

      ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district, **unless the parties agree to a different location.** Exceptions to this general rule may be made by order of the Court. A Defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be

5

ME1\57761208.v1

considered as having filed an action in this Court for the purpose of the provision. **The parties will work in good faith to determine a reasonable location for each deposition. The parties agree that fact witnesses may be made available for deposition remotely to minimize costs and burdens on witnesses, parties, and counsel. For any such remote deposition, the taking attorney(s) will identify the chosen remote deposition platform and provide appropriate contact information for technical help and set up for the deposition at least three (3) business days prior to the deposition, where feasible.**

      f.    <u>Disclosure of Expert Testimony.</u>

      i.    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before June 26, 2026. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 21, 2026. Reply expert reports from the party with the initial burden of proof are due on or before September 18, 2026. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the **reply** expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      ii.    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in

6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen (14) days after the close of expert discovery, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

        iii.    <u>Expert Discovery Cut Off.</u> All expert discovery in this case shall be initiated so that it will be completed on or before October 23, 2026.

        g.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.    Should counsel find, after good faith efforts – including verbal communications among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Williams:

    The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

    The following attorneys, including at least one Delaware Counsel and at least one

7

Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the

Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

4.    Motions to Amend.

(a)    Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

(b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

5.    Motions to Strike.

(a)    Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter,

9

ME1\57761208.v1

not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

(b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

6.    Technology Tutorials. Unless otherwise ordered by the Court, the parties jointly shall provide the Court, no later than the date on which the Joint Claim Construction Chart is due, a tutorial on the technology at issue. In that regard, the parties shall jointly submit to the Court an electronic tutorial of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and educate the Court about the same and should not be used for argument. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial ("mpeg", "quicktime", etc.). The parties may choose to file their tutorial under seal, subject to any protective order in effect.

7.    Claim Construction Issue Identification. On or before November 7, 2025 , the parties shall exchange a list of those claim term(s)/phrase(s) that they believe

10

need construction and their proposed claim construction of those term(s)/phrase(s). On or before November 21, 2025, the parties shall respond to and provide their proposed construction for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than December 8, 2025. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8.    <u>Claim Construction Briefing.</u> Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on January 5, 2026. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on February 2, 2026. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on February 23, 2026. Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on March 9, 2026. No later than March 16, 2026,

11

ME1\57761208.v1

the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-Upon Constructions

II.   Disputed Constructions

[TERM 1]

1.  Plaintiffs' Opening Position
2.  Defendants' Answering Position
3.  Plaintiffs' Reply Position
4.  Defendants' Sur-Reply Position

[TERM 2]

1.  Plaintiffs' Opening Position
2.  Defendants' Answering Position
3.  Plaintiffs' Reply Position
4.  Defendants' Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

9.    <u>Hearing on Claim Construction.</u> Beginning at 2:00 p.m. on September 10, 2026, the Court will hear argument on claim construction. The parties shall notify the Court by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request to present testimony at

12

ME1\57761208.v1

testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

10. <u>Interim Status Report.</u> October 16, 2026, counsel shall submit a joint letter to the Court with an interim report of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

11. <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court,

(a) no later than April 30, 2027, the patentee must finally supplement the identification of all accused products and serve final infringement contentions; and

(b) no later than April 30, 2027, the accused infringers must finally supplement the identification of all invalidity references and serve final invalidity contentions.

ME1\57761208.v1

Case 1:24-cv-01333-GBW    Document 111    Filed 09/18/25    Page 14 of 20 PageID #: 3385

12.    <u>Case Dispositive Motions.</u> Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

13.    <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.    <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to four (4) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14

15.    <u>Pretrial Conference.</u> On March 15, 2028, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 3:00 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

16.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

ME1\57761208.v1

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

17.    Papers Filed Under Seal. In accordance with Section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

18.    Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of filings (i.e., briefs, appendices, exhibits, declarations, affidavits, etc.). Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

19.    ADR Process. This matter may be referred to a magistrate judge to explore the possibility of alternative dispute resolution if the parties jointly request such a referral.

20.    Trial. This matter is scheduled for a five (5) day bench trial, beginning at 9:30 a.m. on March 20, 2028, with the subsequent trial days beginning at 9:30

16

ME1\57761208.v1

a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21.    <u>Post-Trial Briefing.</u> The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

_____
The Honorable Gregory B. Williams
UNITED STATES DISTRICT JUDGE

17

ME1\57761208.v1

| Event | | Dates |
|---|---|---|
| Parties' 26(a)(1) Disclosures | | August 1, 2025 |
| Parties' Paragraph 3 Disclosures | | |
| Plaintiffs' Paragraph 4(a) Identification of Asserted Patents/Accused Products | | |
| Filing of Protective Order | | 10 days from entry of Scheduling Order |
| Defendants' Paragraph 4(b) Production of Core Technical Documents | | August 22, 2025 |
| Plaintiffs' Paragraph 4(c) Initial Infringement Claim Charts | | September 22, 2025 |
| Defendants' Joint Paragraph 4(d) Initial Invalidity Contentions | | October 22, 2025 |
| Parties Exchange Lists of Terms/Phrases and Proposed Constructions | | November 7, 2025 |
| Parties Respond and Provide Proposed Constructions for any Terms/Phrases Presented by Opposing Party for which Party Did Not Initially Provide a Construction | | November 21, 2025 |

18

| | | |
|---|---|---|
| Filing of Joint Claim Construction Chart<br><br>Technology Tutorial (if necessary) | | December 8, 2025 |
| Plaintiffs' Opening Claim Construction Brief | | January 5, 2026 |
| Defendants' Answering Claim Construction Brief | | February 2, 2026 |
| Plaintiffs' Reply Claim Construction Brief | | February 23, 2026 |
| Defendants' Sur-Reply Claim Construction Brief | | March 9, 2026 |
| Filing of Joint Claim Construction Brief | | March 16, 2026 |
| Substantial Completion of Document Production | | March 23, 2026 |
| Joint Interim Status Report | | October 16, 2026 |
| *Markman* Hearing | | September 10, 2026 at 2:00 p.m. |
| Joinder of Parties and Amendment of Pleadings | | May 1, 2026 |
| Fact Discovery Ends | | May 22, 2026 |
| Opening Expert Reports | | June 26, 2026 |
| Responsive Expert Reports | | August 21, 2026 |
| Reply Expert Reports | | September 18, 2026 |

19

ME1\57761208.v1

| Exchange of Dates/Times of Availability for Expert Depositions | | September 18, 2026 |
|---|---|---|
| Completion of Expert Depositions/End of Expert Discovery | | October 23, 2026 |
| *Daubert* Motions | | November 6, 2026 |
| Deadline for Plaintiffs' Supplementation of Infringement Contentions | | April 30, 2027 |
| Deadline for Defendants' Supplementation of Invalidity Contentions | | April 30, 2027 |
| Filing of Joint Pre-Trial Order | | 7 days prior to Pre-Trial Conference |
| Pre-Trial Conference | | March 15, 2028 |
| Bench Trial | | March 20, 2028 |

20